IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil No. 8:15CV 156 |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT FOR** |
| $10,150.00 IN UNITED STATES CURRENCY, | ) | **FORFEITURE *IN REM*** |
| Defendant. | ) | |

COMES NOW the Plaintiff, the United States of America, and for its cause of action against the Defendant, states and alleges as follows:

### Nature of the Action

1. This is an action to forfeit property to the United States for violations of 21 U.S.C. § 881.

### The Defendant *In Rem*

2. The Defendant property consists of $10,150.00 in United States currency seized from Curtis Lee Petersen on December 3, 2014, at the intersection of Elm and 13th Streets in Norfolk, Madison County, Nebraska. It is presently in the custody of the U.S. Marshals Service.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 21 U.S.C. § 881.

4. This Court has *in rem* jurisdiction over the Defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

## Basis for the Forfeiture

6. The Defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities or other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 2) proceeds traceable to such an exchange, and 3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## Facts

7. On September 16, 2014, a confidential informant, under the direction of Nebraska State Patrol Investigator Douglas L. Kelley, purchased approximately an eighth of an ounce of methamphetamine from Curtis L. Petersen at his residence, 1007 Pennsylvania Avenue, Norfolk, Madison County, Nebraska.

8. On September 22, 2014, the same informant, under the direction of Inv. Kelley, purchased approximately an eighth of an ounce of methamphetamine from Curtis L. Petersen at his residence, 1007 Pennsylvania Avenue, Norfolk, Madison County, Nebraska.

9. On October 1, 2014, the same informant, under the direction of Inv. Kelley, purchased approximately an eighth of an ounce of methamphetamine from Curtis L. Petersen at his residence, 1007 Pennsylvania Avenue, Norfolk, Nebraska.

10. On December 3, 2014, Inv. Kelley obtained an arrest warrant for Petersen and his roommate, Sonja Frear, for the above-mentioned deliveries of methamphetamine. In anticipation of executing that warrant, Inv. Kelley and other officers surveilled Petersen's residence, 1007

Pennsylvania Avenue, Norfolk, Nebraska. They saw Petersen leave the residence in his Pontiac Grand Prix. Officers stopped Petersen at the intersection of Elm and 13th Streets in Norfolk, Nebraska. Inv. Kelley contacted Petersen and advised him he was under arrest for delivery of a controlled substance. Petersen said there were no controlled substances in his vehicle or at his residence. He said he did not know anything about methamphetamine, and did not know why he was being arrested.

11. Officers searched Petersen's vehicle. They found two glass pipes and a vacuum-sealed bag containing $10,150.00, cash. The money was in the trunk, under the spare tire. Petersen told Inv. Kelley he had been saving the money over time. When Inv. Kelley asked why it was vacuum-sealed and in the trunk, Petersen said he was not feeling well, and would talk with the investigator at a later time.

12. Officers then went to Petersen's residence, 1007 Pennsylvania Avenue. Sonja Frear answered the door; Inv. Kelley told her he had an arrest warrant for her. He searched her for weapons and contraband. He located a plastic bag containing a white substance in Frear's pants. Frear said it was methamphetamine. She said she was present when Petersen sold methamphetamine at 1007 Pennsylvania Avenue.

### Claim for Relief

WHEREFORE, the Plaintiff, United States of America, prays that the Defendant property be proceeded against for forfeiture in accordance with the laws, regulations and rules of this Court; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that the Defendant property be condemned, as forfeited, to the United States of America and disposed of according to law and regulations; that the costs of this action

be assessed against the Defendant property; and for such other and further relief as this Court may deem just and equitable.

                                            UNITED STATES OF AMERICA,
                                            Plaintiff

                                            DEBORAH R. GILG
                                            United States Attorney

By:                 */s/ Nancy A. Svoboda*
                                            NANCY A. SVOBODA (#17429)
                                            Assistant U.S. Attorney
                                            1620 Dodge Street, Suite 1400
                                            Omaha, Nebraska 68102-1506
                                            (402) 661-3700

VERIFICATION

STATE OF NEBRASKA    )
                     ) ss.
COUNTY OF DOUGLAS    )

Pursuant to Rule C(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Assistant United States Attorney for the District of Nebraska, Nancy A. Svoboda, being first duly sworn, deposes and states the facts set forth herein are true and correct according to the best of her knowledge and belief.

NANCY A. SVOBODA (#17429)
Assistant U.S. Attorney

Subscribed and sworn to before me this 1st day of May, 2015.



Notary Public

Pursuant to the rules of this Court, the United States of America hereby requests the trial of the above and foregoing action be held in Omaha, Nebraska, and it be calendared accordingly.

NANCY A. SVOBODA
Assistant U.S. Attorney